1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rolled Alloys, Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>John Gregory Walls and Pamela Walls, husband and wife, dba Executive Hospitality, Inc.; and Executive Hospitality, Inc, a suspended California corporation; JGW, LLC, a California Limited Liability Company,<br><br>Defendants. | Case No.:  20-cv-01961-AJB-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>**(Doc. No. 15)** |

Before the Court is JGW, LLC; John G. Walls ("Mr. Walls"); and Pamela Coker's, sued as Pamela Walls ("Mrs. Walls"), (collectively, "Defendants") motion to dismiss. (Doc. No. 15.) Rolled Alloys, Inc. ("Plaintiff") filed an opposition, (Doc. No. 17), and Defendants filed a reply, (Doc. No. 18). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

# I.    BACKGROUND[1]

Plaintiff, a Delaware Corporation, purchased an entertainment package for the April 2020 Masters Golf Tournament ("2020 Masters") in Augusta, Georgia. The package included tournament badges, van transportation (including a driver), lodging, maid service, meals, and various other entertainment services. Plaintiff claims that based on statements made by Mr. Walls, it believed it purchased the package from "Executive Hospitality, Inc." The contract ("Agreement")[2] lists the company as "Executive Hospitality."[3]

In October 2019, Plaintiff signed the Agreement, which indicates the services would be provided from April 6 to 12, 2020. On March 2, 2020, Plaintiff sent Executive Hospitality its final installment payment. Later, however, due to the COVID-19 pandemic, the 2020 Masters was postponed from April to November 2020, and no spectators were allowed to attend the November event. After learning about the postponement, Plaintiff demanded that Mr. Walls and Executive Hospitality provide the remaining services under the Agreement. According to Plaintiff, the owner or operator of Magnolia Manor, the private clubhouse provided for in the Agreement, represented that Magnolia Manor was available for use during the 2020 Masters. Plaintiff claims that despite due demands for performance of remaining services or a refund, neither were provided.

Plaintiff commenced this action to obtain a refund for the services paid for under the Agreement but never received, and to hold Defendants liable for statutory violations and fraudulent conduct. Defendants move to dismiss all counts.

---

[1] The following facts are taken from Plaintiff's FAC and are construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

[2] The Court may consider the contents of the Agreement in adjudicating the motion to dismiss because the document is attached to the FAC. *See United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.") (citations omitted).

[3] Throughout the order, the Court will refer to Executive Hospitality as Executive Hospitality and not Executive Hospitality, Inc., except when addressing Plaintiff's fraud and negligent misrepresentation claims.

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint, i.e., whether the complaint lacks either a cognizable legal theory or facts sufficient to support such a theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (citations omitted). For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the motion, the court "must accept as true all of the allegations contained in a complaint," but it need not accept legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## III.   DISCUSSION

Defendants' motion to dismiss raises various challenges to Plaintiff's causes of action for Violation of California Business and Professions Code Section 17550.14, Fraud and/or Negligent Misrepresentation, Declaratory Relief/Unjust Enrichment, and Breach of Contract. The Court discusses them in turn.

### A. Defendant Mrs. Walls' Dismissal

As an initial matter, Defendants contend that contrary to Plaintiff's allegation, Mrs. Walls is not married to Mr. Walls, and that the Court should not accept Plaintiff's assertion as true. (Doc. Nos. 15 at 9; 18 at 3.)[4] However, absent clear and binding case law mandating that, for purposes of a motion to dismiss, an allegation concerning someone's relationship status must be construed as a legal conclusion, the Court declines to dismiss Mrs. Walls as a defendant on this basis.

Next, Defendants argue that even if the Court assumes Mrs. Walls is married to Mr. Walls, she should be dismissed because Plaintiff alleges no factual or legal basis to hold

---

[4] The pinpoint page citations refer to the page numbers that appear at the top of each ECF filing.

Mrs. Walls liable. (Doc. No. 15 at 9–10.) Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). The FAC does not contain any factual allegations showing why Plaintiff is entitled to relief from Mrs. Walls. Plaintiff mentions Mrs. Walls only once: "John Gregory Walls ("Walls") and Pamela Walls are husband and wife, are permanent residents of San Diego County, California, and all of [Mr.] Walls' acts alleged herein were undertaken on behalf of the Walls' marital community." (Doc. No. 12 at 2.) Beyond that allegation, the FAC does not allege any wrongdoing by Mrs. Walls.

In an attempt to hold Mrs. Walls liable, Plaintiff asserts that it can name Mrs. Walls as a defendant because an innocent spouse's share of the community property assets may be reached when her spouse engages in tortious conduct.[5] (Doc. No. 17 at 11–12.) The Court acknowledges that there appears to be "no California authority that would preclude a plaintiff from naming the non-wrongdoing spouses solely in their capacity as co-representatives of the community estate." *Reynolds & Reynolds Co. v. Universal Forms, Labels & Sys., Inc.*, 965 F. Supp. 1392, 1396 (C.D. Cal. 1997). However, "current statutory law makes clear that it is not necessary in California to name both spouses in the action in order to bind the community estate." *Id.* (citing Cal. Fam. Code § 910 ("[T]he community estate is liable for a debt incurred by either spouse before or during marriage. . . regardless of whether one or both spouses are parties . . . to a judgment for the debt.")). As such, when a plaintiff names a non-debtor spouse in a community representative capacity—and not in

---

[5] Plaintiff claims a distinction exists between contractual and tortious conduct; however, case law does not indicate that such a distinction exists. *See Reynolds & Reynolds Co. v. Universal Forms, Labels & Sys., Inc.*, 965 F. Supp. 1392, 1396 (C.D. Cal. 1997) (dismissing defendants' spouses from case despite Plaintiff's tort and contract claims); Cal. Fam. Code § 910(a) (stating "the community estate is liable for a debt incurred by either spouse"); *id.* § 902 (defining a debt as obligations "based on contract, tort or otherwise").

20-cv-01961-AJB-KSC

an effort to reach that spouse's separate property—"the non-debtor spouse may opt not to participate in the litigation[] and will be dismissed as essentially a nominal defendant upon the non-debtor spouse's request." *Id*. at 1397.

Here, there is no indication that Plaintiff seeks to reach Mrs. Walls' separate property. Indeed, Plaintiff's opposition brief makes clear that it names Mrs. Walls as a defendant only in a community representative capacity. (Doc. No. 17 at 12 (arguing that "[b]ecause the 'innocent spouse's share of community assets' may be reached as a result of Walls' tortious conduct, his spouse is properly named as a defendant.") And as previously discussed, the FAC does not present factual allegations to establish that Mrs. Walls harmed Plaintiff, and instead, names her in this litigation solely because she is alleged to be Mr. Walls' wife. The Court therefore finds that Plaintiff joined Mrs. Walls in her capacity as a community estate co-representative. *See Reynolds & Reynolds Co.*, 965 F. Supp. at 1397–98. The Court also construes Mrs. Walls' motion to dismiss as communicating her desire to not participate in this litigation. (Doc. No. 18 at 3.) Accordingly, as Mrs. Walls is a non-debtor spouse who is sued only as a community representative and declines participation in this litigation, the Court **GRANTS** Defendants' motion to dismiss as to Mrs. Walls and **DISMISSES** her as a nominal defendant in this action. *See Reynolds & Reynolds Co.*, 965 F. Supp. at 1397.

## B. Mr. Walls' Personal Liability

As another preliminary matter, Defendants argue the FAC does not allege facts showing Mr. Walls' personal liability for the Agreement. (Doc. No. 15 at 10.) The Court disagrees. An agent avoids personal liability when he discloses his agency and the principal's identity. Restatement (Second) of Agency § 4 (Am. L. Inst. 1958); *see Dones v. Life Ins. Co. of North America*, 55 Cal. App. 5th 665, 690 (2020) (explaining that the purpose behind this disclosure is to ensure a party knows who they are dealing with and can protect itself from entering a contract with a company that cannot meet its obligations). When the agent uses a fictitious business name and does not disclose the principal's name, the agent is not protected from personal liability. *See G. W. Andersen Const. Co. v. Mars*

*Sales*, 164 Cal. App. 3d 326, 332–33 (1985) (holding the agent personally liable because the "plaintiff did not know the name or corporate status of the principal" and California holds the agent liable "unless the *name of the principal* is disclosed") (emphasis in original); *W.W. Leasing Unlimited v. Com. Standard Title Ins. Co.*, 149 Cal. App. 3d 792, 795–96 (1983) (finding the agent personally liable when defendant used only a fictitious business name when dealing with plaintiff and at no time disclosed the principal's name).

Here, Plaintiff alleges that "[a]t no time during any oral or written communications during which Walls induced Rolled Alloys to execute the Purported Contract did Walls: 1) disclose that he was acting as an agent for an entity called JGW, LLC; 2) mention the name JGW, LLC; or 3) indicate that JGW, LLC would be liable in any way for any obligations arising out of the Purported Contract." (Doc. No. 12 at 2.) Because the FAC contains allegations that Mr. Walls was acting as an agent for JGW, LLC and did not disclose JGW, LLC as the principal at any time, the Court finds that Plaintiff has sufficiently pled a basis for holding him personally liable for the Agreement.

Defendants' arguments to the contrary are unavailing. First, Defendants maintain that "[i]t is not necessary that Walls disclosed Executive Hospitality's legal name of JGW, LLC." (Doc. No. 18 at 5.) Yet, California case law indicates "us[ing] a tradename under which the principal transacts his business *is not of itself a sufficient identification of the principal* to protect the agent from personal liability." *W.W. Leasing Unlimited*, 149 Cal. App. 3d at 796 (emphasis added); *see G.W. Andersen Const. Co.*, 164 Cal. App. 3d at 333. Second, that Mr. Walls is not named on the Agreement is beside the point. Plaintiff contracted with Executive Hospitality, and Mr. Walls was Executive Hospitality's representative in that transaction. (Doc. No. 12 at 2 ("Walls induced Rolled Alloys to enter into what he represented would be a contract between a Rolled Alloys and an entity Walls identified as 'Executive Hospitality, Inc.'"), 12 (the Agreement stating "REP: JW").) As noted earlier, because Plaintiff alleges that Mr. Walls, acting as an agent, did not disclose his principal's name, Plaintiff has adequately pled a basis on which to hold Mr. Walls personally liable in this action. *See G. W. Andersen Const. Co.*, 164 Cal. App. 3d at 332–

33; *W.W. Leasing Unlimited*, 149 Cal. App. 3d at 795–96. Third, the Court declines Defendants' invitation to conclude, at the motion to dismiss stage, that "Executive Hospitality is a disclosed entity for agency purposes." (Doc. No. 18 at 5.) As previously noted, within the four corners of the FAC, Plaintiff has pled, and the Court assumes as true, that the principal entity is JGW, LLC—not Executive Hospitality—and that at no time prior to litigation did Mr. Walls disclose that Executive Hospitality was doing business as JGW, LLC (the principal). (Doc. No. 12 at 2, 3, 4.) Accordingly, as Plaintiff has sufficiently pled a basis to hold Mr. Wall personally liable in this action, the Court **DENIES** Defendants' motion to dismiss Mr. Walls as a defendant.

### C. California Business & Professions Code Section 17550.14

Turning to Plaintiff's claim under California Business and Professions Code § 17550.14 ("Section 17550.14"), Defendants contend that the FAC presents conclusory allegations and no facts showing that Defendants qualify as sellers of travel under the statute. (Doc. No. 15 at 12.) Plaintiff argues that the FAC and Agreement provide sufficient facts to demonstrate that Defendants qualify as sellers of travel. (Doc. No. 17 at 6.) Plaintiff further asserts that because Defendants did not perform the Agreement or provide a refund, the FAC demonstrates Defendants violated Section 17550.14. (Doc. No. 17 at 8.) The Court discusses these issues in turn.

#### 1. "Seller of Travel"

California regulates "sellers of travel in order to eliminate unfair advertising, sales, and business practices, to establish standards that will safeguard the people against financial hardship, to encourage competition, fair dealing, and propriety in the travel business."[6] Cal. Bus. & Prof. Code § 17550. Relevant here, a "seller of travel" is a person who sells, provides, furnishes, contracts for, or arranges land transportation "either

---

[6] To the extent that Defendants argue that California's Sellers of Travel Act does not apply to an agreement for tickets to a sporting event in Georgia, the Court disagrees. The Agreement states that the provisions therein "shall be governed by and enforced, determined and construed in accordance with the contract laws of the State of California." (Doc. No. 12 at 12.) This indicates that California law applies to issues concerning the Agreement.

separately or in conjunction with other travel services if the total charge to the passenger exceeds three-hundred dollars ($300)." *Id.* § 17550.1. "Travel services" include "lodging, surface transportation, transfers, tours, meals, guides, baggage transfer, sightseeing, recreational activities, vehicle rental, or other travel-related services." *Id.* § 17550.9.

Here, Plaintiff alleges that Defendants are sellers of travel, and the Agreement attached to the FAC shows that Executive Hospitality, through its representative Mr. Walls, sold Plaintiff land transportation in the form of "DEDICATED TRANSPORTATION (VAN & DRIVER)." (Doc. No. 12 at 12.) The Agreement also shows that the land transportation services were sold in conjunction with other travel services such as lodging in an executive five-bedroom home, all-day access to Magnolia Manor private clubhouse, as well as breakfast, lunch, and catered dinners, for a total price of $116,000. These facts are sufficient to establish that Executive Hospitality is a "seller of travel" within the meaning of the statute.

Defendants argue that even if they qualify as sellers of travel, Section 17550.14(c)[7] permits the parties to change terms and conditions related to cancellation policies. (Doc. No. 15 at 13.) Section 17550.14(c) states, in pertinent part, that "[i]f terms and conditions relating to a refund upon cancellation by the passenger have been disclosed and agreed to by the passenger and the passenger elects to cancel for any reason . . . the making of a refund in accordance with those terms and conditions shall be deemed to constitute compliance with this section." Here, there is no allegation that Plaintiff elected to cancel the Agreement. Defendants' argument that Section 17550.14(c) and the Agreement's refund provision apply is therefore unavailing.

### 2. Section 17550.14 Violation

There being allegations to establish that Defendants are sellers of travel, the Court considers whether Plaintiff has adequately pled a Section 17550.14 violation. Relevant here, a seller of travel is obligated to either provide the transportation or travel services that

---

[7] Defendants cite to 17550.15(c) but quote language from 17550.14(c). (Doc. No. 15 at 12.) Considering the language quoted, the Court assumes Defendants intended to cite to 17550.14(c), not 17550.15(c).

20-cv-01961-AJB-KSC

the buyer purchased or issue a refund for all services not provided within thirty days after the buyer requests a refund. Cal. Bus. & Prof. Code § 17550.14(a)(1)(B). Here, the FAC states that Defendants did not provide a refund or deliver any services expected and paid for under the Agreement. (Doc. No. 12 at 4, 5.) Specifically, Plaintiff alleges that "[a]fter learning of the postponement, Rolled Alloys demanded that the travel services that were the subject of the [Agreement] be provided" and that "more than 30 days has elapsed since the date Rolled Alloys requested a refund and the date defendants manifested their unequivocal intent not to provide travel services required under the [Agreement]."[8] (Doc. No. 12 at 5.) Based on the foregoing, the Court finds that the FAC contains sufficient facts alleging that Defendants violated Section 17550.14. Accordingly, the Court **DENIES** Defendant's motion to dismiss Plaintiff's California Business and Professions Code Section 17550.14 claim.

### D. Fraud and Negligent Misrepresentation Claims

As to Plaintiff's fraud and negligent misrepresentation claims, Defendants assert that Plaintiff has not pled these claims with enough particularity to meet the Rule 9(b) standard. (Doc. No. 15 at 14.) Plaintiff counters that its fraud claims comply with Rule 9(b), and that negligent misrepresentation claims do not need to satisfy Rule 9(b). (Doc. No. 17 at 10 n.3.) The Court first addresses whether negligent misrepresentation claims are subject to Rule 9(b) and then whether Plaintiff has adequately pled its negligent misrepresentation and fraud claims under the applicable standard.

#### 1. Rule 9(b)'s Applicability to Negligent Misrepresentation Claims

As an initial matter, no Ninth Circuit precedent directly addresses whether Rule 9(b) applies to negligent misrepresentation claims. To be sure, in a 2005 unpublished opinion, the Ninth Circuit did not apply Rule 9(b) to a negligent misrepresentation claim. *Miller v. Int'l Bus. Machines Corp.*, 138 Fed. App'x 12, 17 (9th Cir. 2005) ("Finally, claim nine is

---

[8] The FAC states that Plaintiff made the refund demand after learning about the 2020 Masters postponement, and Mr. Walls declared his intent to not provide the travel services in late-March 2020. (Doc. No. 12 at 4, 5.)

not a fraud claim. Rather, it is a negligent misrepresentation claim. We hold that Rule 8(a) has been satisfied."). More recently, however, the Ninth Circuit applied Rule 9(b) to a negligent misrepresentation claim. *Kelly v. Rambus, Inc.*, 384 Fed. App'x 570, 573 (9th Cir. 2010) (summarily concluding that "Kelly's state law claims for common law fraud and negligent misrepresentation fail to meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure.").

There being no binding precedent, district courts are split on the issue. Consistent with other district courts in California, this Court holds that Rule 9(b) does apply to negligent misrepresentation claims.[9] In coming to this conclusion, the Court finds *Zetz v. Bos. Sci. Corp.*, a decision out of a district court in the Eastern District of California, persuasive. 398 F. Supp. 3d 700, 713 n.3 (E.D. Cal. 2019). There, the court noted that "[t]he Ninth Circuit has held that all claims sounding in fraud or grounded in fraud must meet Rule 9(b)'s heightened pleading requirement." *Id.* (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)). And because "California courts have expressly held that causes of action for intentional and negligent misrepresentation sound in fraud," the *Zetz* court applied Rule 9(b) to the negligent misrepresentation claims before it. *Id.* (citing *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1166 (2016)) (alterations and citation omitted). Finding the reasoning in *Zetz* persuasive, the Court will similarly apply Rule 9(b)'s heightened pleading standard to Plaintiff's negligent misrepresentation claims.

---

[9] *See, e.g.*, *Stein v. Farmers Ins. Co. of Arizona*, No. 19-CV-0410-DMS (NLS), 2020 WL 8918888, at *16–17 (S.D. Cal. Mar. 30, 2020) ("There is some conflict in the case law regarding whether the Rule 9(b)'s heightened pleading standard applies; however, 'the majority of the districts courts in California consider negligent misrepresentation a species of fraud and apply Rule 9(b).'"); *City of Escondido v. Gen. Reinsurance Corp.*, No. 19CV868-MMA (BGS), 2019 WL 6917983, at *28 (S.D. Cal. Dec. 18, 2019) ("Sitting in diversity, the Court finds that Rule 9(b) applies because negligent misrepresentation substantially 'sound[s] in fraud' under California law.").

20-cv-01961-AJB-KSC

## 2.  Whether Plaintiff's Claims Satisfy Rule 9(b)[10]

"To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Moreover, if the plaintiff brings claims against multiple defendants, the complaint must "identify the role of each defendant in the alleged fraudulent scheme." *Swartz v. KPMG LLP,* 476 F.3d 756, 765 (9th Cir. 2007) (citation and quotation omitted).[11]

Plaintiff alleges that Mr. Walls made three misrepresentations and/or omissions. The Court finds that Plaintiff satisfied its burden under Rule 9(b) for two of the three alleged misrepresentations and omissions. First, Plaintiff claims that Defendants "made material misrepresentations and omissions regarding the corporate status of Executive Hospitality Inc." (what). (Doc. No. 12 at 6.) The FAC states that in October 2019 (when), Mr. Walls (who) represented that Plaintiff would be entering an Agreement with "an entity Walls identified as 'Executive Hospitality, Inc.'" (*Id.* at 3.) At this time, Mr. Walls did not disclose that Executive Hospitality, Inc. did not have the "powers, rights, and privileges" to execute contracts in California because its business license was suspended in 2011 (how/why). (*Id.* at 2, 3.) Further, Plaintiff alleges that at "no time during any oral or written communications" (when and where) did Mr. Walls (who) disclose "he was acting as an agent for an entity called JGW, LLC," "mention the name JGW, LLC," or "indicate that JGW, LLC would be liable in any way for the obligations arising out of the" Agreement (how/why). (*Id.* at 3.) Plaintiff adds that in the March 2, 2020, written communication (when and where), Mr. Walls (who) expressly represented that he was acting as the

---

[10] To the extent that Defendants assert that Plaintiff's fraud and/or negligent misrepresentation claim should be dismissed in its entirety because Plaintiff does not indicate "which statements were alleged to have been made fraudulently, and which negligently" (Doc. No. 18 at 6), the Court is unpersuaded. Absent binding case law instructing that a complaint must plead fraud and negligent misrepresentation claims separately, the Court finds this argument unavailing.

[11] Following Mrs. Walls's dismissal, only two defendants remain: Mr. Walls, and JGW, LLC. (Doc. No. 12 at 1.)

20-cv-01961-AJB-KSC

President of Executive Hospitality and did not disclose that JGW, LLC existed (why/how). (*Id.* at 4.) Although the FAC refers to Defendants in the plural form when stating the claim, the earlier FAC allegations indicate that Plaintiff is alleging this particular misrepresentation against Mr. Walls. Accordingly, the Court concludes that Plaintiff satisfied its burden under Rule 9(b) for this alleged misrepresentation and/or omission.

Second, Plaintiff claims that Defendants "made material misrepresentations and omissions regarding the . . . defendants' intent not to provide the travel services required to be provided under the" Agreement (what). (Doc. No. 12 at 6.) Plaintiff alleges that at the time Mr. Walls demanded and received Plaintiff's final payment under the Agreement in March 2020 (when), Mr. Walls knew that Executive Hospitality's right to conduct business in California had been suspended and had already manifested an intent not to perform on the contract but did not disclose these circumstances to Plaintiff (how/why). (*Id.* at 4.) Plaintiff details that Mr. Walls "revealed in a telephone conversation in late-March 2020 that he had 'closed his business' and made the decision *not* to provide the travel services for which Rolled Alloys bargained and paid *before* he demanded and received the final payment on March 2, 2020." (*Id.* (emphasis in original).) As with the prior allegation, although the FAC refers to Defendants in the plural form, the allegations clarify that the allegations pertain to Mr. Walls. Considering these facts and the reasonable inferences drawn therefrom, the Court finds that Plaintiff satisfied its burden under Rule 9(b) for this alleged misrepresentation and/or omission.

Based on the foregoing, the Court **DENIES** Defendants' motion to dismiss Plaintiff's fraud and/or negligent misrepresentation claims concerning the corporate status of Executive Hospitality, Inc. and Defendants' intent not to provide the travel services required under the Agreement.

Third and lastly, Plaintiff claims that Defendants "made material misrepresentations and omissions regarding the . . . defendants' prior bankruptcy filings" (what). (Doc. No. 12 at 6.) Apart from this statement, however, the FAC contains no reference to any bankruptcy filing or proceeding. Plaintiff does not allege any facts to indicate who, when, where, and

12

how/why Defendants made misrepresentations and/or omissions regarding prior bankruptcy filings. The Court therefore concludes that this claim does not satisfy Rule 9(b). Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's misrepresentation claim regarding Defendants' prior bankruptcy filings **WITH LEAVE TO AMEND**.[12]

### E. Declaratory Relief/Unjust Enrichment

The Declaratory Judgment Act does not require a federal court to "grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008); 28 U.S.C. § 2201(a). "In making such a determination, a district court is to consider a variety of factors, including whether retaining jurisdiction would: (1) involve the needless determination of state law issues; (2) encourage the filing of declaratory actions as a means of forum shopping; (3) risk duplicative litigation; (4) resolve all aspects of the controversy in a single proceeding; (5) serve a useful purpose in clarifying the legal relations at issue; (6) permit one party to obtain an unjust res judicata advantage; (7) risk entangling federal and state court systems; or (8) jeopardize the convenience of the parties." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1107 (9th Cir. 2011) (citing *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 n.5 (9th Cir. 1998)).

Here, Defendants argue that Plaintiff is not entitled to declaratory relief/unjust enrichment, because Plaintiff did not contract with Executive Hospitality, Inc., a suspended corporation, it contracted with Executive Hospitality dba JGW, LLC. (Doc. No. 15 at 16.) However, the allegations in the FAC, which the Court must accept as true at this stage,

---

[12] To the extent that Plaintiff argues that Defendants waived their challenge to the negligent misrepresentation claims by failing to independently challenge it in their opening brief, the Court is unpersuaded. The opening brief contains a section specifically entitled, "Rolled Alloy's Claim for Fraud and or Negligent Misrepresentation Should be Dismissed Because Rolled Alloys Fails to Meet Heightened Fraud Pleading Requirements." (Doc. No. 15 at 13.) In that section, Defendants argued that Plaintiff's alleged material misrepresentations and omissions, a necessary and similar element for both fraud and negligent misrepresentation, do not meet Rule 9(b)'s standard. Moreover, Plaintiff does not provide any case law indicating that Defendants must specifically separate out their challenges to negligent misrepresentation and fraud claims.

20-cv-01961-AJB-KSC

states that Mr. Walls induced Plaintiff to enter an Agreement with an entity Mr. Walls represented as Executive Hospitality, Inc. and "not at a single time did Walls mention the name 'JGW, LLC.'" (Doc. No. 12 at 2, 3.) As Defendants' challenge to Plaintiff's claim for declaratory relief/unjust enrichment concerns a factual dispute that the Court may not consider on a motion to dismiss, the Court **DENIES** Defendants' motion to dismiss Plaintiff's declaratory relief/unjust enrichment claim on this basis. (Doc. No. 12 at 7.)

### F. Breach of Contract

As to Plaintiff's last cause of action, Defendants first contend that the FAC does not state a breach of contract claim because Plaintiff does not identify which Defendant breached the Agreement. (Doc. Nos. 15 at 17; 18 at 8.) The Court disagrees. Although the FAC refers to the breaching parties as "defendants," the FAC specifies the breaching defendants as "Walls and JGW, LLC." (Doc. No. 12 at 8.) Accordingly, the Court finds that the FAC does identify Mr. Walls and JGW, LLC as the alleged breaching parties.

Next, Defendants argue that the FAC fails to state a breach of contract claim because the plain terms of the Agreement indicate that no refund would be provided. (Doc. No. 15 at 17.) "Resolution of contractual claims on a motion to dismiss is proper if the terms of the contract are unambiguous." *Bedrosian v. Tenet Healthcare Corp.*, 208 F.3d 220 (9th Cir. 2000). "A contract provision will be considered ambiguous when it is capable of two or more reasonable interpretations." *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034, 1040 (C.D. Cal. 2008) (citing *Bay Cities Paving & Grading, Inc. v. Lawyers' Mut. Ins. Co.*, 5 Cal. 4th 854, 867 (1993)). "Language in a contract must be interpreted as a whole and in the circumstances of the case." *Id.* (citing *Bank of W. v. Superior Court*, 2 Cal. 4th 1254, 1265 (1992)). If the language "leaves doubt as to the parties' intent," *Consul Ltd. v. Solide Enters., Inc.*, 802 F.2d 1143, 1149 (9th Cir. 1986), the motion to dismiss must be denied. *Monaco*, 554 F. Supp. 2d at 1040.

Here, the refund provision, titled "Event cancellation and Insurance," provides, "[i]n the event that its organizers partly or wholly cancel an Event no refunds will be made. Client may make independent arrangements for insurance with client's own broker." (Doc.

No. 12 at 12.) According to Defendants, this provision made "it clear that Plaintiff agreed that no refund would be provided" and "advised [Plaintiff] to obtain insurance for this package." (Doc. No. 15 at 17.) Plaintiff counters that the provision does not apply because the 2020 Masters was not cancelled—it was postponed, and the provision applies only to "partly or wholly cancel[ed]" events. (Doc. No. 12 at 12.) To "cancel" means "to decide not to conduct or perform (something planned or expected) usually without expectation of conducting or performing it at a later time." Merriam Webster's Online Dictionary (2021). Because the 2020 Masters was held later than originally planned, it does not fit within the common understanding of the word cancel. *See id.* The refund provision, however, can also be triggered if the organizers had "partly" canceled the 2020 Masters. In the Court's view, the provision's language leaves doubt as to whether the parties intended postponed events to be construed as partly canceled events, and that based on the plain meaning of the word cancel, Plaintiff has raised a reasonable interpretation that they did not. Consequently, the Court finds that dismissal of the breach of contract claim is inappropriate at this stage.

Additionally, Plaintiff asserts that because other organizers did not cancel the other services under the Agreement, the refund provision clearly does not apply to those non-cancelled events, and Defendants breached the Agreement by not performing or providing a refund. (Doc. No. 17 at 16.) Defendants did not reply to, and therefore appears to have conceded, this point. Accordingly, the Court **DENIES** Defendants' motion to dismiss the breach of contract claim.

//
//
//
//
//
//
//
//

15

### IV.   CONCLUSION

Based on the foregoing, the Court enters the following orders:

- Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. (Doc. No. 15.)

- Defendant Mrs. Walls is **DISMISSED** from this action.

- Defendants' motion to dismiss Plaintiff's California Business & Professions Code § 17550.14 claim is **DENIED**.

- Defendants' motion to dismiss Plaintiff's fraud and/or negligent misrepresentation claims is **DENIED IN PART** and **GRANTED IN PART WITH LEAVE TO AMEND** only the claim regarding Defendants' prior bankruptcy filings.

- Defendants' motion to dismiss Plaintiff's declaratory relief/unjust enrichment claim is **DENIED**.

- Defendants' motion to dismiss Plaintiff's breach of contract claim is **DENIED**.

- Should Plaintiff desire to amend its complaint as provided in this Order, it must file a Second Amended Complaint <u>no later than September 10, 2021</u>.

- Defendants must file a responsive pleading <u>no later than September 17, 2021</u>.

**IT IS SO ORDERED.**

Dated:  September 3, 2021

Hon. Anthony J. Battaglia
United States District Judge

20-cv-01961-AJB-KSC